UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY BRAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-2322 |
| | § | |
| STATE ROOFING COMPANY, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

Pending before the Court is the defendants', State Roofing Company and John D. Griffin, motion to dismiss for lack of subject matter jurisdiction (Docket Entry No. 14). The plaintiff, Anthony Bray, filed a response (Docket Entry No. 17). The plaintiff also filed a motion for partial summary judgment (Docket Entry No. 27), to which the defendants objected (Docket Entry No. 30). The defendants filed a cross motion for partial summary judgment (Docket Entry No. 28). After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants the defendants' motion to dismiss for lack of subject matter jurisdiction. Because the Court determines that it does not have subject matter jurisdiction, it will not consider the parties' competing motions for partial summary judgment.

### II.   Factual Background

All parties are citizens of Texas. Griffin is the president of State Roofing Company, which provides roofing contractor services. The plaintiff worked for State Roofing Company in some capacity, and he alleges several causes of action arising out of that business relationship. The parties do not dispute that the defendants paid the plaintiff a ten-percent commission on each completed project.

### III.     Contentions of the Parties[1]

#### A.     The Plaintiff's Contentions

In his first amended complaint (Docket Entry No. 21), the plaintiff alleges that he was the defendants' employee, and that they failed to pay him for all of the hours that he worked. He asserts that the defendants thus violated his rights under the Fair Labor Standards Act ("FLSA").[2] He also alleges that the defendants retaliated against him by asserting counterclaims against him in the present suit because he filed an FLSA claim. Further, the plaintiff alleges state law claims of breach of contract, quantum meruit, fraudulent inducement to contract and fraudulent representation. He seeks a variety of damages, including attorneys' fees, costs and interest.

#### B.     The Defendants' Contentions

The defendants contend that the Court should dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). They aver that this dispute is essentially a breach of contract claim under state law, and that the plaintiff is an independent contractor improperly trying to invoke federal question jurisdiction by asserting an unfounded claim under the FLSA. In the defendants' counterclaim (Docket Entry No. 7), they also assert various affirmative defenses and claims of breach of covenant not to compete, breach of fiduciary duty, trade secret misappropriation, breach of contract, violation of the Texas Theft Liability Act, and tortious interference with prospective relations.

### IV.     Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. "If [a federal] court determines at any time that it lacks

---

[1] Because the Court grants the defendants' motion to dismiss for lack of subject matter jurisdiction, the Court will not address the parties' contentions in their cross motions for partial summary judgment.
[2] 28 U.S.C. §§ 201-19.

subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.") In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

**V.    Analysis and Discussion**

The Court determines that it has no subject matter jurisdiction over this dispute. Accordingly, the Court grants the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), and the Court will not address the parties' competing motions for

partial summary judgment. "Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (internal citations omitted). The Court determines that the plaintiff has not satisfied this burden.

The plaintiff's only alleged basis for the Court's jurisdiction is federal question jurisdiction under the FLSA. However, the FLSA governs only claims for minimum wage, maximum hours, overtime pay and child labor claims. *See*, 28 U.S.C. §§ 201-19.

The plaintiff originally signed an agreement to work for the defendants as an independent contractor. *See* [Docket Entry No. 27-6, "Independent Contractor Agreement"]. The plaintiff has offered no evidence of any subsequent written agreement. The plaintiff also admits that he was engaged by the defendants on a ten-percent commission basis. *See* [Docket Entry No. 21, "Plaintiff's First Amended Complaint," ¶ 18]. Although the parties contest the exact nature of their business relationship towards the latter period of its duration, neither party disputes that the plaintiff was to be paid on a commission basis during the entirety of their business relationship. The plaintiff's claim is for the alleged breach of an agreement to pay a specified commission on certain projects and has nothing to do with minimum wage, maximum hours, overtime pay or child labor issues. *See*, 28 U.S.C. §§ 201-19. Accordingly, this claim is simply not governed by the FLSA. Therefore, no federal question is raised, and this Court does not have subject matter jurisdiction over this dispute.

## VI.     Conclusion

Based on the foregoing discussion, the Court grants the defendants' motion to dismiss for lack of subject matter jurisdiction.

It is so **ORDERED**.

SIGNED at Houston, Texas this 10th day of November, 2010.

_____

Kenneth M. Hoyt
United States District Judge